**In re Mark D. FLEMING, Sr., Jeanette A. Fleming, Debtors.**

**No. 00–58559.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

May 1, 2002.

---

Michael T. Gunner, Hilliard, OH, for debtors.

Amy L. Bostic, Thompson Hine LLP, Columbus, OH, Chapter 7 Trustee.

Mark T. D'Alessandro, Assistant U.S. Attorney, Columbus, OH.

## ORDER ON OBJECTION

DONALD E. CALHOUN, Jr.,
Bankruptcy Judge.

This matter came before the Court for a hearing on April 15, 2002, upon the Trustee's Objection to Claim No. 30, the Response of Debtor on Behalf of Claim of IRS, and the United States of America's Response to Trustee's Objection to Claim No. 30.

### Statement of Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(B).

### Background

On or about August 15, 2000, Mark D. Fleming, Sr. and Jeannette Fleming ("Flemings") filed their 1999 Form 1040. That 1999 Form 1040 showed an overpayment of taxes in the amount of $8,719.00. The Flemings requested that the overpayment be applied to their year 2000 estimated taxes rather than being refunded to them.

On September 22, 2000, the Flemings filed their petition for relief under Chapter 7. After the 341 creditors' meeting, the Trustee filed an application for order regarding tax returns. The application was unopposed, and on January 30, 2001, the Court entered an order. The order required the Flemings to file their 1999 tax returns and provided that "if such income tax returns report an overpayment of tax, each such Debtor shall request that a re-

fund check be issued by checking the appropriate place for a refund request on each tax return." (January 30, 2001 Order, Docket No. 141).

The Trustee then requested the Flemings to amend their 1999 Form 1040 to request a refund and turn the refund over to her. Instead, the Flemings filed their 2000 Form 1040. The 1999 tax overpayment of $8,719.00 was applied to the Flemings' year 2000 tax liability.

On May 24, 2000, the Trustee corresponded directly with the Internal Revenue Service ("IRS"). The Trustee advised the IRS that it was her position that the 1999 income tax refund was property of the bankruptcy estate. The election of the Flemings to apply the refund to the year 2000 income taxes effectively applied bankruptcy estate funds to Debtors' post-petition debt. The Trustee requested the IRS to refund the $8,719.00 to her. The IRS agreed and subsequently forwarded a refund check to the Trustee.

On November 16, 2001, Mr. Fleming filed proof of claim no. 30 on behalf of the IRS. The proof of claim reflected an unsecured priority claim in the amount of $9,838.12. The proof of claim stated that the unsecured priority claim was for year 2000 taxes.

The Trustee objected to proof of claim no. 30 on the basis that the claim represents a claim for tax liabilities arising after the petition date. In support of her objection, the Trustee argued that the Flemings made no election to terminate their tax year pursuant to 26 U.S.C. § 1398(d) when the bankruptcy case commenced. *In re Haedo,* 211 B.R. 149 (Bankr.S.D.N.Y.1997). Since no election was made under 26 U.S.C. § 1398(d), Mr. Fleming's proof of claim no. 30 filed on behalf of the IRS made a claim for a post-petition debt. The Trustee asserted that the Court should disallow the claim.

The IRS filed a response to Trustee's objection. In the IRS's response, it argued that IRS records did not reflect an election under 26 U.S.C. § 1398(d)(2). As such, proof of claim No. 30 represented the Flemings' tax liability for year 2000, a claim for tax liabilities arising after the petition date. Accordingly, the IRS also asserted, along with the Trustee, that proof of claim no. 30 should be disallowed.

In response, the Flemings argued that the Trustee cannot use 26 U.S.C. § 1398(d) as a tool to deny claims and prevent them from obtaining a fresh start. The Flemings asserted that Congress intended 26 U.S.C. § 1398 as a benefit to the taxpayer debtors, with assets, to allow loss carry backs and other tax benefits to reduce the debtors' tax liabilities and to create a separate taxable estate for the bankruptcy estate. The Flemings asserted that since Mr. Fleming was self-employed, he was subject to making self-employment estimated quarterly tax payments. These self-employment estimated taxes were due to be paid prior to April 15, 2001. The Flemings argued that the self-employment estimated taxes made this case factually distinctive from *In re Haedo,* 211 B.R. 149 (Bankr.S.D.N.Y.1997). Based upon the foregoing arguments, the Flemings asserted that proof of claim No. 30 should be allowed.

*Discussion*

To make the determination if proof of claim no. 30 should be allowed or disallowed, the Court must look at the consequence of Mr. Fleming being required to make estimated tax payments because he is self employed. Then, the Court must look to Internal Revenue Code § 1398 and its underlying policy considerations.

██ In reviewing 26 U.S.C. § 6654, this Court finds that the requirement to make estimated tax payments does not alter the

date upon which income tax liability arises. Payment of estimated tax installments does not constitute the payment of tax liability. Rather, the payments are escrowed against potential future tax liability. While the Flemings may have been required to make estimated tax payments, their year 2000 federal income taxes became payable on April 15, 2001 when their return was due, not on the dates when the installments were due. *See,* 26 U.S.C. § 6654. *See, also, In re Wilkoff,* 2001 WL 91624, at *5, *6, *7 (Bankr.E.D.Pa., 2001).

Internal Revenue Code § 1398 applies to both Chapters 7 and 11 and allows debtors to make certain decisions about whether they should divide their tax year into two short taxable periods or remain with one tax year. 26 U.S.C. § 1398(d) in pertinent part states as follows:

**(1) General rule.**—Except as provided in paragraph (2), the taxable year of the debtor shall be determined without regard to the case under title 11 of the United States Code to which this section applies.

**(2) Election to terminate debtor's year when case commences.—**

**(A) In general.**—Notwithstanding section 442, the debtor may (without the approval of the Secretary) elect to treat the debtor's taxable year which includes the commencement date as 2 taxable years—

**(i)** the first of which ends on the day before the commencement date, and

**(ii)** the second of which begins on the commencement date.

**(B) Spouse may join in election.**—In the case of a married individual (within the meaning of section 7703), the spouse may elect to have the debtor's election under subparagraph (A) also apply to the spouse, but only if the debtor and the spouse file a joint return for the taxable year referred to in subparagraph (A)(i).

**(C) No election where debtor has no assets.**—No election may be made under subparagraph (A) by a debtor who has no assets other than property which the debtor may treat as exempt property under section 522 of title 11 of the United States Code.

**(D) Time for making election.**—An election under subparagraph (A) or (B) may be made only on or before the due date for filing the return for the taxable year referred to in subparagraph (A)(i). Any such election, once made, shall be irrevocable.

**(E) Returns.**—A return shall be made for each of the taxable years specified in subparagraph (A).

**(F) Annualization.**—For purposes of subsections (b), (c), and (d) of section 443, a return filed for either of the taxable years referred to in subparagraph (A) shall be treated as a return made under paragraph (1) of subsection (a) of section 443.

**(3) Commencement date defined.**—For purposes of this subsection, the term "commencement date" means the day on which the case under title 11 of the United States Code to which this section applies commences.

■ In reviewing Internal Revenue Code § 1398, the Court finds that there is no question that Congress recognized a need to accommodate both tax policy and bankruptcy's fresh start policy. *See,* S. Rep. 96–1035 (1980), *reprinted in* 1980 U.S.C.C.A.N. 7017, 1980 WL 7017, **7025. In order to accommodate both of these policies, Internal Revenue Code § 1398 gives each debtor an election to close his or her tax year as of the day before the date on which the bankruptcy case commences. If the debtor makes the election,

the debtor's taxable year which would otherwise include the commencement date is divided into two short taxable years of less than twelve months. The first such year ends on the day before the commencement date; the second such year begins on the commencement date. If the election is made, the debtor's federal income tax liability for the first short taxable year becomes an allowable claim against the bankruptcy estate as a claim arising before the bankruptcy filing. Accordingly, the tax liability for that first short taxable year becomes collectible from the estate, depending on the availability of estate assets. *Id.*

 If the debtor does not make the election, the commencement of the bankruptcy case does not affect the individual debtor's taxable year. *See,* 26 U.S.C. § 1398(d)(2). *See, also,* S. Rep. 96–1035 at **7041. If the election is not made, no part of the debtor's tax liability from the year in which the bankruptcy case commences is collectible from the bankruptcy estate. If no election is made, the debtor's tax liability from the year in which the bankruptcy case commences is collectible directly from the debtor. *See,* 26 U.S.C. § 1398(d)(2). *See, also, In re Haedo,* 211 B.R. at 152.

While Congress recognized a need to accommodate both the fresh start policy of bankruptcy and tax policy, debtors are required to make a timely election under 26 U.S.C. § 1398(d)(2)(D). In reviewing the matter, the Court finds that the Flemings made no such election. Since the Flemings made no election, no part of their tax liability from year 2000 is collectible from the bankruptcy estate. The fact that Mr. Fleming was self employed and made estimated tax payments does not make this case factually distinctive to require any other outcome.

## Conclusion

Based upon the foregoing, the Court finds that Mr. Fleming's proof of claim no. 30 filed on behalf of the IRS represents a claim for year 2000 taxes. That claim represents a claim for tax liabilities arising after the petition date, and such a post-petition claim cannot be collected from the bankruptcy estate. Therefore, this Court finds that proof of claim No. 30 should be disallowed.

For the foregoing reasons, the Trustee's Objection to Claim No. 30 is SUSTAINED.

IT IS SO ORDERED.